# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS S. WASHAM,** : | |
| **Petitioner** : | **CIVIL ACTION NO. 1:12-0931** |
| v. : | **(KANE, C.J.)** |
| | **(MANNION, M.J.)** |
| **JAMES WALSH, Pennsylvania State Attorney General; LINDA KELLY; and PA ATTORNEY GENERAL,** : : : | |
| **Respondents** : | |
| : | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate at the State Correctional Institution, Dallas, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, (Doc. No. 1), with an addendum, (Doc. No. 2), in which he, once again, attempts to challenge his 1987 conviction from the Delaware County Court of Common Pleas.

By way of relevant background, on March 22, 2011, the petitioner filed a previous petition for writ of habeas corpus in this court. See Washam v. Walsh, Civil Action No. 1:11-0540 (Kane, C.J.). In giving that petition preliminary consideration, the undersigned determined that the petition was an unauthorized second or successive petition pursuant to 28 U.S.C. §2244(b)(3), in that it was the petitioner's fourth attempt to challenge his

conviction through a §2254 petition[1]. As such, it was recommended that the petition be dismissed without prejudice, so that the petitioner could seek authorization from the Third Circuit to file a successive petition.

The recommendation of the undersigned was adopted by the district judge by order dated June 6, 2011.

On May 18, 2012, the petitioner filed the instant action, (Doc. No. 1), with an addendum, (Doc. No. 2), in which he again attempts to challenge his conviction. The petitioner followed his petition with a "Motion for Equitable Relief Pursuant to 60(B)," (Doc. No. 6); a "Motion for Extension of the Tolling Period," (Doc. No. 9); and a "Motion for Procedural Relief/Emergency Relief Upon Conferred Jurisdiction Pursuant to 28 U.S.C. §1651," (Doc. No. 10).

As the petitioner is proceeding *in forma pauperis*, (Doc. No. 7), the instant petition will be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases. See 28 U.S.C. foll. §2254. Rule 4 requires the court to examine the petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. §2254. Again, the court recommends that the petition be

---

[1] The petitioner admittedly had filed a §2254 petition in the Eastern District of Pennsylvania in 1995, 1995-cv-5697. In addition, the court's search of the Public Access to Court Electronic Records, ("PACER"), revealed that he had filed a habeas petition in the Eastern District in 2000, 2000-cv-6388, and, again, in 2006, 2006-cv-4217.

dismissed as an unauthorized petition pursuant to §2244(b)(3).

As discussed by the court in the petitioner's prior action, pursuant to 28 U.S.C. §2244(b)(3)(A), prior to filing a second or successive petition, a petitioner must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a *prima facie* showing that the application satisfies §2244's substantive requirements, which are set forth in §2244(b)(2). *See* 28 U.S.C. §2244(b)(3). Moreover, §2244's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. *Burton v. Stewart*, 549 U.S. 147 (2007).

A search of the Third Circuit's dockets on PACER indicates that, after the petitioner's prior action was dismissed by this court, on November 8, 2011, the petitioner filed an application pursuant to 28 U.S.C. §2244 to file a second or successive petition in the United States Court of Appeals for the Third Circuit. See In re Washam, Court of Appeals Docket No. 11-4065. By order dated January 4, 2012, the Third Circuit denied the petitioner's application to file a second or successive petition finding that the petitioner failed to make a *prima facie* showing that his claims rely on a new rule of constitutional law or a previously unavailable factual predicate sufficient to

establish that no reasonable factfinder would have found him guilty.

Because the Third Circuit has denied the petitioner's application to file a second or successive petition, the instant action is barred. The plain words of the habeas statute require the petitioner to file his motion and obtain an order before the Third Circuit as a precondition to his "fil[ing] [his petition for habeas relief] in the district court." *Id.*; *see also* Rule 9-Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order [not merely move] from the appropriate court of appeals authorizing the district court to consider the petition . . ."); *cf.* Rule 9-Rules Governing Section 2255 Proceedings (same). As such, the court finds that the instant petition is a unauthorized habeas petition, and, therefore, the court recommends that the instant petition be dismissed.

In light of the recommendation concerning the habeas petition, the court further recommends that the petitioner's pending motions, including his "Motion for Equitable Relief Pursuant to 60(B)," (Doc. No. 6); "Motion for Extension of the Tolling Period," (Doc. No. 9); and "Motion for Procedural Relief/Emergency Relief Upon Conferred Jurisdiction Pursuant to 28 U.S.C. §1651," (Doc. No. 10), be dismissed as moot.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**; and

**(2)** the petitioner's pending motions, including his "Motion for Equitable Relief Pursuant to 60(B)," **(Doc. No. 6)**; "Motion for Extension of the Tolling Period," **(Doc. No. 9)**; and "Motion for Procedural Relief/Emergency Relief Upon Conferred Jurisdiction Pursuant to 28 U.S.C. §1651," **(Doc. No. 10)**, be **DISMISSED AS MOOT**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: October 18, 2012**
O:\shared\REPORTS\2012 Reports\12-0931-01.wpd