**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS S. WASHAM, : | |
|     Petitioner : | |
| : | No. 1:12-cv-0931 |
| v. : | |
| : | (Chief Judge Kane) |
| JAMES WALSH, Pennsylvania : | |
| State Attorney General, et al., : | (Magistrate Judge Mannion) |
|     Defendant : | |

**MEMORANDUM ORDER**

Currently before the Court is Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), Petitioner's motions related to his Section 2254 petition (Doc. Nos. 6, 9, 10, 12), Magistrate Judge Mannion's Report and Recommendation (Doc. No. 11), and Petitioner's objections thereto (Doc. No. 13). For the reasons that follow, the Court will adopt Magistrate Judge Mannion's Report and Recommendation, and deny Petitioner's motions.

**I.    BACKGROUND**

On October 23, 1987, Petitioner was convicted of first-degree murder, possession of an instrument of a crime, and possession of a firearm without a license by the Delaware County Court of Common Pleas. On March 22, 2011, Petitioner filed a Section 2254 motion in this Court, raising claims that Batson violations occurred during jury selection in his case, and that the trial judge failed to properly certify the record. Washam v. Walsh, No. 1:11-cv-0540 (Doc. No. 1; Doc. No. 4 at 2.) Finding that his petition was an unauthorized second or successive petition pursuant to 28 U.S.C. § 2244(b)(3), the Court dismissed his petition without prejudice so that Petitioner could seek authorization from the United States Court of Appeals for the Third Circuit to file a successive habeas petition. Id. (Doc. No. 4 at 5.) On January 4, 2012, the Third

1

Circuit denied Petitioner's application to file a second or successive habeas petition, finding that Petitioner had failed to make a prima facie showing that his claims relied on a new rule of constitutional law or a previously unavailable factual predicate sufficient to establish that no reasonable factfinder would have found him guilty. Id. (Doc No. 12.)

On May 18, 2012, Petitioner filed another Section 2254 petition in this Court (Doc. No. 1), and subsequently filed other motions related to his petition for habeas corpus relief (Doc. Nos. 6, 9, 10, 12). Magistrate Judge Mannion's report recommends that his petition be dismissed because Petitioner has failed to obtain the required certification from the Third Circuit that would allow him to file a second or successive habeas petition under § 2244(b)(3), and that Petitioner's related motions should therefore be dismissed as moot. (Doc. No. 11 at 2-3.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge has authority to file proposed findings and recommendations. In response, a party may file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In deciding whether to accept, reject, or modify any part of the magistrate judge's disposition, the Court must make a de novo determination of the portions to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

Petitioner has filed objections to Magistrate Judge Mannion's finding that his habeas petition is barred under 28 U.S.C. § 2244(b)(3). Petitioner has not raised any objection to Magistrate Judge Mannion's finding that his related motions should be dismissed as moot were the Court to find that his habeas petition was barred. The Court will address each of Petitioner's

2

objections, conducting a de novo review of the portion of the report to which objection is made.

First, Petitioner asserts that requiring him to obtain certification from the Third Circuit before filing a successive habeas petition renders Section 2244 unconstitutional in application, and prevents him from receiving his guaranteed round of habeas corpus review. (Doc. No. 13 at 3.) The Court finds this objection without merit. The operation of Section 2244(b)(3), which requires that appellate courts certify second or successive habeas petitions before being considered by the district court or the United States Supreme Court, is constitutional. See Felker v. Turpin, 518 U.S. 651, 664 (1996).

Petitioner next argues that because the state failed to comply with Batson in his trial, and the trial record in his case was improperly certified, Petitioner's facts are sufficiently compelling to warrant proceeding despite Section 2244(b)(3)'s bar on successive habeas petitions. (Doc. No. 13 at 4.) Petitioner does not cite any relevant case law for the proposition that the Court should consider his petition despite Section 2244(b)(3)'s requirement that his petition be first certified by the appellate court. As Petitioner's argument is not supported by law, the Court must necessarily reject it.

Finally, Petitioner asserts that were the Court to rule in his favor on his motion for declaratory judgment (Doc. No. 9), which Petitioner asserts that the Court mischaracterized as a motion for an extension, the "law of the case" would substantially change and Magistrate Judge Mannion's findings would be effectively moot. (Doc. No. 13 at 6.) On review of the motion in question, Petitioner titled it "Motion for Extension of Tolling Period," and requested an extension of 20 days for the disposition of his Rule 60(b) motion. (Doc. No. 9.) The Court therefore finds that Petitioner's motion (Doc. No. 9) was correctly characterized as a motion for

3

an extension.

The Court finds that Magistrate Judge Mannion correctly found that Section 2244(b)(3) prevents Petitioner from filing a second or success habeas petition without first obtaining certification from the Third Circuit. Furthermore, the Court finds that Magistrate Judge Mannion correctly found that Petitioner's pending motions (Doc. Nos. 6, 9, 10) related to his Section 2254 motion should be dismissed as moot.[1] Upon a review of the record evidence and all of Petitioner's related objections, the Court concludes that Magistrate Judge Mannion's findings are legally sound and that Petitioner is not entitled to relief. The Court will therefore adopt Magistrate Judge Mannion's report in its entirety.

**V.  CONCLUSION**

AND NOW, on this 25th day of January 2013, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (Doc. No. 11) is **ADOPTED**;

2. Petitioner's objections (Doc. No. 13) are **OVERRULED**;

3. Petitioner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. No. 1) is **DENIED**;

4. Petitioner's pending motions (Doc. Nos. 6, 9, 10, 12) are **DENIED AS MOOT**; and

5. The Clerk of Court is directed to close the case.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania

---

[1] The Court separately finds that Petitioner's motion to characterize his petition as a claim for Section 2254 or 2244 relief (Doc. No. 12) is moot.

4